IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMOS WAYNE STURGIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CHIEF DEPUTY SHERIFF WARREN E. RUPF, et al.,<br><br>　　　　Defendants. | No. C 10-3680 LHK (PR)<br><br>ORDER OF PARTIAL DISMISSAL; ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against employees of Contra Costa County Sheriff's Department. Plaintiff's motion for leave to proceed in forma pauperis is granted in a separate order.

**DISCUSSION**

A.　Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

1  *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claims

Plaintiff claims that on August 20, 2009, he was told to pack up his belongings because he was being transferred to San Quentin State Prison. Plaintiff was told he had ten minutes to do so. Plaintiff replied that he needed more than ten minutes to get ready. Plaintiff claims that within five minutes, four or five deputies approached his cell. One deputy directed him to "cuff-up" and stated, "You will be leaving the hard way." As Plaintiff turned around, his cell door was open. Plaintiff claims that his hands were behind his back when he was pushed face down and repeatedly punched in the back of his head. Plaintiff alleges that Deputy Fitzgerald kicked him, and Deputy Drollete twisted his left arm so forcefully that his arm broke.

The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind, i.e., the offending conduct was wanton. *Farmer v. Brennan*, 511 U.S. 824, 834 (1994). Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). Liberally construed, Plaintiff has stated a cognizable claim of excessive force against Deputy Drollete and Deputy Fitzgerald.

Plaintiff also sues Chief Deputy Sheriff Warren E. Rupf. However, Plaintiff fails to state a cognizable claim against him. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the Plaintiff can show that the Defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Even at the pleading stage, "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Moreover, a supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc) (citation omitted). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Here, Plaintiff fails to allege specific facts demonstrating that Rupf was personally involved in violating his constitutional rights. Accordingly, Rupf is DISMISSED without prejudice. If Plaintiff believes in good faith that he can state a cognizable claim against Rupf, he may file a motion to amend his complaint accompanied by an amended complaint.

In addition, Plaintiff sues John Does 1-7 as defendants in this action. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See id.* Accordingly, the Doe Defendants are DISMISSED without prejudice. Should Plaintiff discover their identities in a timely manner, he may move to add them to the complaint at a later date.

Along with requesting money damages, Plaintiff seeks a temporary restraining order

against the Contra Costa County Sheriff's Department.  Plaintiff has not named a specific individual.  Nevertheless, Plaintiff's request is moot because he is no longer housed at the Contra Costa County Jail and is thus no longer subjected to those conditions.  *See Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001).  Further, Plaintiff's request for injunctive relief is more appropriately addressed in a discovery request to Defendants once Defendants are served.

## CONCLUSION

For the foregoing reasons, the court hereby orders as follows:

1. The Court DISMISSES Defendants Rupf and Does 1-7.

2. The Clerk shall issue a summons, and the United States Marshal shall serve, without prepayment of fees, copies of the complaint in this matter (docket no. 1), all attachments thereto, and copies of this order on **Deputy Sheriff Drollete** and **Deputy Sheriff Fitzgerald** at the **Contra Costa County Jail**.  The Clerk shall also serve a copy of this Order on Plaintiff and mail a courtesy copy of the complaint to the California Attorney General's Office.

3. No later than **ninety (90) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

    a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

    b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due.**

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and

served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

        a.     In the event Defendants file an unenumerated motion to dismiss under Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

        b.     In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

*See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.LHK\CR.10\Sturgis680dissrv.wpd     5

failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

4. Defendants shall file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

5. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. All communications by the Plaintiff with the court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

7. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

For Plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (questions asking for specific, factual responses) directly to Defendants' counsel. *See* Fed. R. Civ. P. 33-34. The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ." *See* Fed. R. Civ. P. 26(b)(1). Discovery may be further limited by court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2). In order to comply with the requirements of Rule 26, before deciding to promulgate discovery Plaintiff may find it to his benefit to wait until Defendants have filed a dispositive motion which could include some or all of the discovery Plaintiff might seek. In addition, no motion to compel will be considered by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local Rule 37-1 has been satisfied. Because Plaintiff is detained, he is not required to meet and confer

Order of Partial Dismissal; Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.LHK\CR.10\Sturgis680dissrv.wpd     6

1  with Defendants in person.  Rather, if his discovery requests are denied and he intends to seek a
2  motion to compel, he must send a letter to Defendants to that effect, offering them one last
3  opportunity to provide him with the sought-after information.
4         8.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court
5  and all parties informed of any change of address and must comply with the Court's orders in a
6  timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
7  pursuant to Federal Rule of Civil Procedure 41(b).
8      IT IS SO ORDERED.
9  DATED:  10/7/2010

LUCY H. KOH
United States District Judge