**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMOS WAYNE STURGIS,           )<br>                                                          )<br>     Plaintiff,                             )<br>                                                          )<br>  v.                                             )<br>                                                          )<br>DEPUTY SHERIFF DROLLETTE and )<br>DEPUTY SHERIFF FITZGERALD,     )<br>                                                          )<br>     Defendants,                         )<br>_____) | No. C 10-3680  LHK (PR)<br><br>ORDER DENYING<br>PLAINTIFF'S MOTION FOR<br>APPOINTMENT OF COUNSEL;<br>GRANTING MOTION FOR<br>EXTENSION OF TIME<br><br>(Docket Nos. 19, 21) |

Plaintiff, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against prison officials. Pending before the Court is Plaintiff's motion for appointment of counsel, and motion to stay the case, which the Court construes as a motion for extension of time to file his opposition to Defendants' motion for summary judgment.

Plaintiff's motion for appointment of counsel was drafted with assistance by the California Men's Colony Library Assistant, who confirmed Plaintiff's assertion that he has a mental disability that makes it difficult for him to read, write, or understand his case. The library assistant claims that Plaintiff is assigned to the Mental Health Program, and is considered to be functionally illiterate. Thus, Plaintiff requests legal assistance with his case. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The Court may ask counsel to represent

1 an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination
2 of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability
3 of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.
4 *See id.*; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).  Both of these factors must be
5 viewed together before reaching a decision on a request for counsel under section 1915.  *See id.*

      In this case, Plaintiff has demonstrated sufficient ability to articulate his claims and to represent himself to this point in the proceedings.  Moreover, this action involves a claim of excessive force, alleged to have taken place over the course of a few minutes, and does not appear to present complex issues.  Therefore, at this time, no exceptional circumstances exist which would warrant appointment of counsel, and Plaintiff's motion is DENIED.  This denial is without prejudice to the Court's *sua sponte* appointment of counsel at a future date should the circumstances of this case warrant such appointment.

      Plaintiff also filed a motion to stay the case, which the Court construes as a motion for an extension of time to file his opposition to the Defendants' motion for summary judgment.  Plaintiff claims that he has been on a "crisis bed suicide precaution" since December 26, 2010.  He is scheduled to be transferred to the Department of Mental Health on some unspecified date.  Plaintiff requests the Court to stay proceedings until he is able to respond to the motion for summary judgment.  The Court will not stay proceedings for an indefinite amount of time, however, the Court GRANTS Plaintiff **sixty (60) days** from the filing date of this order in which to file his opposition to Defendants' motion for summary judgment.  Should Plaintiff believe he needs more time, he may file another request for an extension prior to the deadline.  Defendants shall file their reply **fifteen (15) days** thereafter.

      IT IS SO ORDERED.

DATED:  3/2/11

                                              LUCY H. KOH
                                              United States District Judge