1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAMOS WAYNE STURGIS, | ) | No. C 10-3680 LHK (PR) |
| Plaintiff, | )<br>) | ORDER OF SERVICE;<br>DIRECTING DEFENDANTS TO |
| v. | )<br>)<br>) | FILE DISPOSITIVE MOTION<br>OR NOTICE REGARDING<br>SUCH MOTION |
| DEPUTY SHERIFF DROLLETE, et al., | )<br>) | |
| Defendants. | )<br>) | |

Plaintiff, a state prisoner, filed this instant *pro se* prisoner complaint under 42 U.S.C.

§ 1983, arguing that Defendants used excessive force upon him, in violation of the Eighth

Amendment. On January 5, 2011, Defendants filed a motion for summary judgment. Plaintiff

has not filed an opposition. However, on March 7, 2011, the Court received an "Amended

Complaint" from Plaintiff, which the Court construes as a request for leave to filed an amended

complaint. In the proposed amended complaint, Plaintiff adds a new, but related, claim,

additional facts, and adds Defendant Chief Deputy Sheriff Warren E. Rupf, who was previously

dismissed without prejudice.

After reviewing Plaintiff's proposed amended complaint, the Court grants Plaintiff's

request for leave to file a first amended complaint. *See* Fed. R. Civ. P. 15(a)(2) ("The court

should freely give leave [to amend] when justice so requires."); *Janicki Logging Co. v. Mateer,*

42 F.3d 561, 566 (9th Cir. 1994) (Rule 15(a) is to be applied liberally in favor of amendments). The Clerk is instructed to file the proposed first amended complaint (docket no. 23) as the First Amended Complaint in this matter.  The Court concludes that, liberally construed, Plaintiff has alleged cognizable claims of excessive force and deliberate indifference to his safety needs against Defendants under 42 U.S.C. § 1983.  *See* 28 U.S.C. § 1915A(a).

Defendants' pending motion for summary judgment (docket no. 14) is DISMISSED without prejudice to bringing it in a new dispositive motion encompassing the additional facts and claims in Plaintiff's First Amended Complaint.

Accordingly, the Court orders:

1. Plaintiff's request for leave to amend his complaint is GRANTED.  The Clerk shall file Plaintiff's amended complaint.  Defendants' motion for summary judgment is DISMISSED without prejudice.

2 The Clerk shall issue a summons, and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint in this matter (docket no. 23), all attachments thereto, and copies of this order on **Chief Deputy Sheriff Warren E. Rupf** of the **Contra Costa County Sheriff's Department**.  The Clerk shall also serve a copy of this order on Plaintiff and Defendants.

3. No later than **sixty (60) days** from the date of this order, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

a. If Defendants elect to file a motion to dismiss on the grounds that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003).

b. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendants are of the opinion**

1    **that this case cannot be resolved by summary judgment, they shall so inform the Court**

2    **prior to the date the summary judgment motion is due.**

3           4.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and

4    served on Defendants no later than **thirty (30) days** from the date Defendants' motion is filed.

5                  a.      In the event Defendants file an unenumerated motion to dismiss under

6    Rule 12(b), Plaintiff is hereby cautioned as follows:[1]

7                       The defendants have made a motion to dismiss pursuant to Rule 12(b) of
                        the Federal Rules of Civil Procedure, on the ground you have not exhausted your
8                       administrative remedies.  The motion will, if granted, result in the dismissal of
                        your case.  When a party you are suing makes a motion to dismiss for failure to
9                       exhaust, and that motion is properly supported by declarations (or other sworn
                        testimony) and/or documents, you may not simply rely on what your complaint
10                      says.  Instead, you must set out specific facts in declarations, depositions, answers
                        to interrogatories, or documents, that contradict the facts shown in the defendant's
11                      declarations and documents and show that you have in fact exhausted your
                        claims.  If you do not submit your own evidence in opposition, the motion to
12                      dismiss, if appropriate, may be granted and the case dismissed.

13                  b.      In the event Defendants file a motion for summary judgment, the
     Ninth Circuit has held that the following notice should be given to plaintiffs:
14
15                      The defendants have made a motion for summary judgment by which they
                        seek to have your case dismissed.  A motion for summary judgment under Rule
                        56 of the Federal Rules of Civil Procedure will, if granted, end your case.
16
17                      Rule 56 tells you what you must do in order to oppose a motion for
                        summary judgment.  Generally, summary judgment must be granted when there is
18                      no genuine issue of material fact--that is,  if there is no real dispute about any fact
                        that would affect the result of your case, the party who asked for summary
19                      judgment is entitled to judgment as a matter of law, which will end your case.
                        When a party you are suing makes a motion for summary judgment that is
20                      properly supported by declarations (or other sworn testimony), you cannot simply
                        rely on what your complaint says.  Instead, you must set out specific facts in
21                      declarations, depositions, answers to interrogatories, or authenticated documents,
                        as provided in Rule 56(e), that contradict the facts shown in the defendants'
22                      declarations and documents and show that there is a genuine issue of material fact
                        for trial.  If you do not submit your own evidence in opposition, summary
23                      judgment, if appropriate, may be entered against you.  If summary judgment is
                        granted in favor of defendants, your case will be dismissed and there will be no
24                      trial.

25   *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  Plaintiff is advised to read

     Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317
26

27         [1] The following notice is adapted from the summary judgment notice to be given to pro se
28   prisoners as set forth in *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See*
     *Wyatt v. Terhune*, 315 F.3d at 1120 n.14.

(1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5.      Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after Plaintiff's opposition is filed.

6.      The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the court so orders at a later date.

7.      All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel, by mailing a true copy of the document to Defendants or Defendants' counsel.

8.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further Court order is required before the parties may conduct discovery.

For Plaintiff's information, the proper manner of promulgating discovery is to send demands for documents or interrogatories (for example, questions asking for specific, factual responses) directly to Defendants' counsel.  *See* Fed. R. Civ. P. 33-34.  The scope of discovery is limited to matters "relevant to the claim or defense of any party . . ."  *See* Fed. R. Civ. P. 26(b)(1).  Discovery may be further limited by Court order if "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).  <u>In order to comply with the requirements of Rule 26, before deciding to promulgate discovery Plaintiff may find it to his benefit to wait until Defendants have filed a dispositive motion which could include some or all of the discovery Plaintiff might seek.</u>  In addition, no motion to compel will be considered by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and

1    N.D. Cal. Local Rule 37-1 has been satisfied.  Because Plaintiff is detained, he is not required to

2    meet and confer with Defendants in person.  Rather, if his discovery requests are denied and he

3    intends to seek a motion to compel, he must send a letter to Defendants to that effect, offering

4    them one last opportunity to provide him with the sought-after information.

5            9.      It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court

6    and all parties informed of any change of address and must comply with the Court's orders in a

7    timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

8    pursuant to Federal Rule of Civil Procedure 41(b).

9            IT IS SO ORDERED.

10   DATED:   4/24/11

                                                         LUCY H. KOH
11                                                       United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28