IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAMOS WAYNE STURGIS,<br><br>    Plaintiff,<br><br>  v.<br><br>CHIEF DEPUTY SHERIFF WARREN E.<br>RUPF, et al.,<br><br>    Defendants, | No. C 10-3680 LHK (PR)<br><br>ORDER DIRECTING<br>PLAINTIFF TO LOCATE<br>UNSERVED DEFENDANT |

Plaintiff, a state prisoner proceeding *pro se*, filed an amended civil rights complaint pursuant to 42 U.S.C. § 1983. Presently, before the Court are issues related to the service of process of this amended complaint.

On April 25, 2011, the Court issued a service order directing the Clerk of the Court to issue summons on Defendant Chief Deputy Sheriff Warren E. Rupf. On June 9, 2011, the summons for Chief Deputy Sheriff Warren E. Rupf was returned unexecuted.

In cases wherein the Plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. §1915(d). The Court must appoint the Marshal to effect service, *see* Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the Court, must serve the summons and the complaint, *see Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), *overruled on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995). Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff

Order Directing Plaintiff to Locate Unserved Defendant
P:\PRO-SE\SJ.LHK\CR.10\Sturgis680.LocateDefendant.wpd

"may not remain silent and do nothing to effectuate such service;" rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). If the Marshal is unable to effectuate service through no fault of his own, for example, because plaintiff failed to provide sufficient information or because the defendant is not where plaintiff claims, and plaintiff is informed, plaintiff must seek to remedy the situation or face dismissal. *See Walker*, 14 F.3d at 1421-22 (prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) because prisoner did not prove that he provided marshal with sufficient information to serve official or that he requested that official be served).

Because Plaintiff has not provided sufficient information to allow the Marshal to locate and serve Defendant Rupf, Plaintiff must remedy the situation or face dismissal of his claims against Rupf without prejudice. *See Walker*, 14 F.3d at 1421-22. Accordingly, Plaintiff must provide the Court with sufficient information regarding Defendant Rupf's accurate and current location such that the Marshal is able to effect service upon him. **Failure to do so by August 23, 2011,** *see* **Fed. R. Civ. P. 4(m), without good cause, will result in the dismissal of the claims against Defendant Rupf**.

IT IS SO ORDERED.

DATED: 8/8/11

LUCY H. KOH
United States District Judge

Order Directing Plaintiff to Locate Unserved Defendant
P:\PRO-SE\SJ.LHK\CR.10\Sturgis680.LocateDefendant.wpd           2