IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAMOS WAYNE STURGIS, | ) | No. C 10-3680 LHK (PR) |
| Plaintiff, | )<br>)<br>) | ORDER GRANTING<br>DEFENDANTS' MOTION TO<br>QUASH SERVICE; DIRECTING |
| v. | )<br>) | PLAINTIFF TO LOCATE<br>UNSERVED DEFENDANT |
| DEPUTY SHERIFF DROLLETE, et al., | )<br>) | |
| Defendants. | )<br>) | |

    Plaintiff, a state prisoner, filed an amended *pro se* prisoner complaint under 42 U.S.C. § 1983, arguing that Defendants used excessive force upon him, in violation of the Eighth Amendment. On June 23, 2011, Defendants filed a motion for summary judgment. Plaintiff has filed an opposition. Defendants filed a reply, and Plaintiff filed a "rebuttal" to Defendants' reply. The motion is now submitted, and under the Court's consideration.

    On September 19, 2011, the Clerk re-served a summons on Defendant Rupf. On November 15, 2011, the summons was returned executed. On November 22, 2011, counsel for Defendants filed a motion to quash the service of process.

    Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes a defendant to move for dismissal due to insufficient service of process. When a defendant challenges the sufficiency of service, plaintiff bears the burden of establishing that service was valid under Rule 4 of the

Federal Rules of Civil Procedure. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). A federal court lacks personal jurisdiction over a defendant if service of process is insufficient. *Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987). "[W]ithout substantial compliance with Rule 4 neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies*, 840 F.2d 685, 688 (9th Cir. 1988) (internal quotation marks and citations omitted). If the plaintiff is unable to satisfy his burden of showing service in compliance with Rule 4, the Court has discretion either to dismiss the action or to retain the action and quash the service of process. *See Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976).

Here, Defendants argue that the U.S. Marshal's Service mailed a copy of the summons and amended complaint to Rupf at the Sheriff's Department. However, Rupf retired from the Sheriff's Department in January 2011, and did not authorize anyone at the Sheriff's Department to accept service on his behalf.

The Court has looked into whether Rupf has been served in this matter. As in all Section 1983 prisoner cases filed in this Court, the U.S. Marshal's office mailed to Rupf, at the Contra Costa County Sheriff's Department, his last place of business, a summons and a copy of the complaint, as well as a notice and acknowledgment of receipt and summons. Upon receipt of the forms at Rupf's place of business, customarily, the litigation coordinator forwards the appropriate forms to the California Attorney General's Office for execution. Regardless of whether that occurred in this case, the California Attorney General's Office does not represent county officials.

"[A]n incarcerated pro se plaintiff proceeding [IFP] is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them" under 28 U.S.C. § 1915 and Federal Rule of Civil Procedure 4. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). Because Plaintiff is proceeding IFP, and service has not been effectuated pursuant to Rule 4, Defendants' motion to

quash service is GRANTED.

Upon a finding that service was not proper, the Court in its discretion may dismiss the action or quash service of process. *Stevens*, 538 F.2d at 1389. The Court finds that there is good cause to retain this action rather than dismiss it because Plaintiff is entitled to rely upon the U.S. Marshal for service, and Plaintiff had no choice regarding the manner of service chosen.

The Court cannot order personal service upon Rupf without a physical address. Plaintiff has not provided any other information regarding the location of Rupf. Where, as here, the Marshal is unable to effectuate service because Plaintiff has not provided sufficient information to locate the Rupf, Plaintiff must remedy the situation or face dismissal of Rupf, as an unserved Defendant. *See Walker v. Sumner*, 14 F.3d 1415, 1421-22 (9th Cir. 1994), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). Consequently, Plaintiff must either effectuate service on Rupf, or provide the Court with his current location such that the U.S. Marshal is able to effectuate service. **Plaintiff's failure to do so within thirty (30) days of the filing date of this order will result in dismissal of the claims against Rupf pursuant to Rule 4(m).**

**The Clerk of the Court shall send a copy of this order to the litigation coordinator at the Contra Costa County Sheriff's Department, who is requested to provide to the Court, as a courtesy, any forwarding address information (under seal, if necessary) that is available with respect to former Sheriff Warren E. Rupf, within thirty (30) days from the filing date of this order.** If no further information is available from the litigation coordinator, and if Plaintiff fails to provide the requested information within thirty (30) days, Defendant Rupf will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: 1/5/12

LUCY H. KOH
United States District Judge

Order Granting Defendants' Motion to Quash Service; Directing Plaintiff to Locate Unserved Defendant
P:\pro-se\sj.lhk\cr.10\Sturgis380misc        3