1
2
3
4
5
6
7
8
9
10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LAMOS WAYNE STURGIS, | ) | No. C 10-3680 LHK (PR) |
| | ) | |
| Plaintiff, | ) | ORDER DENYING |
| | ) | DEFENDANTS' MOTION FOR |
| v. | ) | SUMMARY JUDGMENT; |
| | ) | GRANTING PLAINTIFF'S |
| | ) | REQUEST FOR LEAVE TO |
| DEPUTY SHERIFF DROLLETE, et al., | ) | AMEND; ORDER OF SERVICE; |
| | ) | REFERRING CASE TO PRO SE |
| Defendants. | ) | PRISONER SETTLEMENT |
| | ) | PROGRAM |

Plaintiff, a state prisoner, filed an amended *pro se* prisoner complaint under 42 U.S.C.
§ 1983, arguing that Defendant Deputies Drollete and Fitzgerald used excessive force upon him,
in violation of the Eighth Amendment. On June 23, 2011, Defendants filed a motion for
summary judgment. Plaintiff filed an opposition. Defendants filed a reply, and Plaintiff filed a
"rebuttal" to Defendants' reply. Having carefully considered the papers submitted, Defendants'
motion for summary judgment is DENIED. Plaintiff has also requested leave to amend his
amended complaint to add a former "John Doe" Defendant. Plaintiff's request is GRANTED.
The Court will order service upon Defendant Deputy Shawn Welch.

**BACKGROUND**

Plaintiff filed this action, alleging that Defendant Deputies Drollete, Fitzgerald, and other
unnamed deputies used excessive force against him, which resulted in Plaintiff's left arm being

Order Denying Defendants' Motion for Summary Judgment; Granting Plaintiff's Request for Leave to Amend;
Order of Service; Referring Case to Pro Se Prisoner Settlement Program
G:\PRO-SE\SJ.LHK\CR.10\Sturgis680msjdeny.wpd

1  broken, as well as other injuries.  In response, Defendants argue that Plaintiff suffered injury

2  only because they were attempting to restore discipline and protect the safety of the officers.

3       The following facts are viewed in the light most favorable to Plaintiff.

4       On August 21, 2009, Plaintiff was housed in the D module at Martinez Detention Facility

5  in Martinez, California.  (Decl. Welch at ¶ 3.)  The D module unit is reserved for inmates who

6  are in administrative segregation for a variety of reasons.  (*Id.* at ¶ 4.)  Because of Plaintiff's

7  violent history with staff and other inmates, he was housed in the D Module Unit.  (*Id.* at ¶ 5.)

8  At 2:35 a.m., Deputy Welch told Plaintiff to pack his things because in ten minutes, he was

9  going to be transported to San Quentin State Prison.  (*Id.* at ¶¶ 6-7; Decl. Plaintiff at ¶ 3.)

10  Deputy Welch informed Plaintiff that if he was not ready in ten minutes, Deputy Welch would

11  "come in [Plaintiff's] cell with a few deputies and show [Plaintiff] how to get ready."  (Decl.

12  Plaintiff at ¶ 3.)  When Plaintiff responded that he needed more time to get ready, Deputy Welch

13  replied, "You will be ready or you will wish you had been ready."  (*Id.*)

14       Eighteen minutes later, Deputy Welch asked Plaintiff if he was ready to go.  (Decl.

15  Welch at ¶ 8.)  Plaintiff responded that he needed more time.  (*Id.*)  Because Welch was aware of

16  Plaintiff's history, he requested escorts to assist in packing up the remainder of Plaintiff's

17  property and transporting Plaintiff to San Quentin.  (*Id.* at ¶ 9.)  Deputies Drollete, Fitzgerald,

18  and Brand arrived in response to this request.  (*Id.*)  Deputy Welch opened the food port and

19  ordered Plaintiff to come to the door to be handcuffed for officer safety.  (*Id.* at ¶ 12; Decl.

20  Fitzgerald at ¶ 8.)  Plaintiff heard one deputy say, "You will be leaving the hard way."  (Decl.

21  Plaintiff at ¶ 4.)

22       Plaintiff began to comply with the order to cuff-up when the cell door opened, and

23  Plaintiff's hands were placed behind his back.  (*Id.*)  Plaintiff saw the deputies rush into the cell,

24  and one of them pushed his face down, causing Plaintiff to fall onto the floor.  (*Id.*)  Plaintiff did

25  not resist, and felt one or two deputies punching him in the back of his head, as well as the side

26  of his torso.  (*Id.*)  Plaintiff saw Deputy Fitzgerald kick his torso and hip area while Deputy

27  Drollete was twisting Plaintiff's left arm with such force that his arm broke.  (*Id.*)  Plaintiff was

28

Order Denying Defendants' Motion for Summary Judgment; Granting Plaintiff's Request for Leave to Amend;
Order of Service; Referring Case to Pro Se Prisoner Settlement Program
G:\PRO-SE\SJ.LHK\CR.10\Sturgis680msjdeny.wpd    2

1   in severe pain and slipped in and out of consciousness.  (*Id.*)  When Plaintiff regained

2   consciousness, he woke up in the Contra Costa County Regional Medical Center with a broken

3   left elbow.  (*Id.* at ¶ 5 and Ex. A.)

4                                        **ANALYSIS**

5   I.      Request to Amend to Add Defendant Deputy Welch

6           As an initial matter, Plaintiff requests leave to add Deputy Welch as a Defendant because

7   Deputy Welch was a participant in the incident.  Defendants oppose this request.

8           A plaintiff may amend the complaint "once as a matter of course within [] 21 days after

9   serving it."  Fed. R. Civ. P. 15(a)(1)(A).  But, if the complaint requires a responsive pleading, a

10  plaintiff may amend the complaint "21 days after service of a responsive pleading, or 21 days

11  after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P.

12  15(a)(1)(B).  In all other cases, a plaintiff must obtain the defendant's consent or leave of Court

13  to amend a complaint.  Fed. R. Civ. P. 15(a)(2).

14          It lies within the district court's discretion whether a plaintiff may expand his complaint

15  by substituting defendants for the first time on summary judgment.  *See Brass v. County of Los

16  Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003) (upholding district court's finding that

17  plaintiff's attempt to substitute new defendants for "Doe" defendants for the first time in his

18  motion for summary judgment was "inappropriate" where plaintiff did not request leave to add

19  new parties or file an amended complaint).  A district court should consider whether any

20  proposed amendment results from undue delay, is made in bad faith, will cause prejudice to the

21  opposing party, or is a dilatory tactic.  *Chodos v. West Publishing Co.*, 292 F.3d 992, 103 (9th

22  Cir. 2002).  Here, in the Court's initial order of service, it dismissed Doe Defendants, and

23  instructed Plaintiff that he could move to amend at a later date if he discovered the identities of

24  those Doe Defendants.  There is no indication that Plaintiff's request for leave to amend is made

25  for any improper purpose or that would cause prejudice to the opposing party.  Thus, in this

26  Court's discretion, Plaintiff's request for leave to add Deputy Welch as a named Defendant is

27  GRANTED.

28

Order Denying Defendants' Motion for Summary Judgment; Granting Plaintiff's Request for Leave to Amend;
Order of Service; Referring Case to Pro Se Prisoner Settlement Program
G:\PRO-SE\SJ.LHK\CR.10\Sturgis680msjdeny.wpd      3

II.   Exhaustion

Defendants raise the affirmative defense of non-exhaustion in their reply to Plaintiff's opposition to the motion for summary judgment.  While it is true that Plaintiff raised the issue of exhaustion in his opposition by stating that he filed a claim with the Contra Costa Board of Supervisors, a nonexhaustion claim should be raised by Defendants in an unenumerated Rule 12(b) motion rather than in a motion for summary judgment.  *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).

Nonexhaustion under § 1997e(a) is an affirmative defense.  *Jones v. Bock*, 549 U.S. 199, 217-18 (2007).  Defendants have the burden of raising and proving the absence of exhaustion, and inmates are not required to specifically plead or demonstrate exhaustion in their complaints.  *Id.* at 215-17.  As there can be no absence of exhaustion unless some relief remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief remained available.  *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005).

Even assuming that this affirmative defense is properly before the Court, Defendants have not met their burden of demonstrating that pertinent relief remained available.  Defendants argue that Plaintiff did not avail himself of any of the grievance procedures at Martinez Detention Center.  However, Defendants offer no evidence in support of their argument.  For example, Defendants provide no declarations demonstrating that any grievance procedures were available, or that Plaintiff did not use those procedures.  Because Defendants have not met their burden, the Court will not dismiss Plaintiff's claim for failure to exhaust.  *See Wyatt*, 315 F.3d at 1119.

III.   Motion for Summary Judgment

A.   Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute

1   as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a

2   verdict for the nonmoving party.  *Id.*

3          The party moving for summary judgment bears the initial burden of identifying those

4   portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine

5   issue of material fact.  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).  Where the moving

6   party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no

7   reasonable trier of fact could find other than for the moving party.  But on an issue for which the

8   opposing party will have the burden of proof at trial, as is the case here, the moving party need

9   only point out "that there is an absence of evidence to support the nonmoving party's case."  *Id.*

10  at 325.

11         Once the moving party meets its initial burden, the nonmoving party must go beyond the

12  pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a

13  genuine issue for trial."  Fed. R. Civ. P. 56(e).  The Court is only concerned with disputes over

14  material facts and "factual disputes that are irrelevant or unnecessary will not be counted."

15  *Liberty Lobby, Inc.*, 477 U.S. at 248.  It is not the task of the court to scour the record in search

16  of a genuine issue of triable fact.  *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996).  The

17  nonmoving party has the burden of identifying, with reasonable particularity, the evidence that

18  precludes summary judgment.  *Id.*  If the nonmoving party fails to make this showing, "the

19   moving party is entitled to judgment as a matter of law."  *Celotex Corp.*, 477 U.S. at 323.

20         At the summary judgment stage, the Court must view the evidence in the light most

21  favorable to the nonmoving party: if evidence produced by the moving party conflicts with

22  evidence produced by the nonmoving party, the judge must assume the truth of the evidence set

23  forth by the nonmoving party with respect to that fact.  *See Leslie v. Grupo ICA*, 198 F.3d 1152,

24  1158 (9th Cir. 1999).

25         B.    Legal Claim

26         Plaintiff alleges that Defendants used excessive force against him, in violation of his

27  Eighth Amendment right against cruel and unusual punishment.  Defendants argue that they are

28

Order Denying Defendants' Motion for Summary Judgment; Granting Plaintiff's Request for Leave to Amend;
Order of Service; Referring Case to Pro Se Prisoner Settlement Program
G:\PRO-SE\SJ.LHK\CR.10\Sturgis680msjdeny.wpd     5

1   entitled to summary judgment because, based on the undisputed facts, they did not violate

2   Plaintiff's constitutional rights.  In the alternative, Defendants contend they are entitled to

3   qualified immunity.

4        The arbitrary and wanton infliction of pain violates the Cruel and Unusual Punishments

5   Clause of the Eighth Amendment.  *Hudson v. McMillian*, 503 U.S. 1, 5 (1992).  When prison

6   officials stand accused of using excessive force in violation of the Eighth Amendment, the core

7   judicial inquiry is whether force was applied in a good-faith effort to maintain or restore

8   discipline, or maliciously and sadistically for the very purpose of causing harm.  *Id.* at 6-7.  In

9   determining whether the use of force was for the purpose of maintaining or restoring discipline,

10  or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for

11  application of force, the relationship between that need and the amount of force used, the extent

12  of any injury inflicted, the threat reasonably perceived by the responsible officials, and any

13  efforts made to temper the severity of a forceful response.  *Id.* at 7.  In reviewing these factors,

14  courts must accord prison administrators wide-ranging deference in the adoption and execution

15  of polices and practices to further institutional order and security.  *Jeffers v. Gomez*, 267 F.3d

16  895, 917 (9th Cir. 2001).

17       Taking the evidence in the amended complaint as true, and drawing all inferences

18  therefrom in Plaintiff's favor, there is a genuine issue of material fact as to whether Defendants'

19  use of force was excessive.  According to Plaintiff, he complied with Defendants' orders to cuff-

20  up, and did not resist Defendants when they entered his cell.  Plaintiff's version of events differs

21  greatly from Defendants' version of events.  Accepting Plaintiff's account as true, as this Court

22  must, an inference could certainly be drawn that Defendants assaulted Plaintiff for the purpose of

23  causing harm.

24       Having concluded that genuine issues of material fact exist as to whether Defendants

25  used excessive force against Plaintiff in violation of the Eighth Amendment, the Court next

26  addresses whether they are entitled to qualified immunity.  The defense of qualified immunity

27  protects "government officials . . . from liability for civil damages insofar as their conduct does

28

Order Denying Defendants' Motion for Summary Judgment; Granting Plaintiff's Request for Leave to Amend;
Order of Service; Referring Case to Pro Se Prisoner Settlement Program
G:\PRO-SE\SJ.LHK\CR.10\Sturgis680msjdeny.wpd        6

1  not violate clearly established statutory or constitutional rights of which a reasonable person

2  would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  A Court considering a

3  claim of qualified immunity must determine whether the Plaintiff has alleged the deprivation of

4  an actual constitutional right and whether such right was clearly established such that it would be

5  clear to a reasonable officer that his conduct was unlawful in the situation he confronted. *See*

6  *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009).  Regarding the first prong, the threshold

7  question must be, taken in the light most favorable to the party asserting the injury, do the facts

8  alleged show the officer's conduct violated a constitutional right? *Saucier v. Katz*, 533 U.S. 194,

9  201 (2001).  The inquiry of whether a constitutional right was clearly established must be

10  undertaken in light of the specific context of the case, not as a broad general proposition. *Id.* at

11  202.  The relevant, dispositive inquiry in determining whether a right is clearly established is

12  whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he

13  confronted. *Id.*

14      The Court finds granting summary judgment on the ground of qualified immunity is

15  improper in this case.  A dispute of fact exists as to whether Plaintiff disregarded and resisted

16  Defendants' orders and attempts to "cuff-up".  Resolving all factual disputes in favor of Plaintiff,

17  the Court concludes Defendants violated Plaintiff's clearly established right to be free from

18  excessive force. *See Martinez v. Stanford*, 323 F.3d 1178, 1183 (9th Cir. 2003) ("the law

19  regarding a prison guard's use of excessive force was clearly established by 1994").  Granting

20  summary judgment on the ground of qualified immunity is "improper if, under the plaintiff's

21  version of the facts, and in light of the clearly established law, a reasonable officer could not

22  have believed his conduct was lawful." *Schwenk v. Hartford*, 204 F.3d 1187, 1196 (9th Cir.

23  2000).  Here, no reasonable officer could believe that assaulting and breaking Plaintiff's arm

24  under Plaintiff's version of the facts was permitted under the Eighth Amendment.

25      In sum, accepting Plaintiff's allegations as true, there is a genuine issue of fact as to

26  whether Defendants violated Plaintiff's constitutional rights.  Accordingly, Defendants are not

27

28

Order Denying Defendants' Motion for Summary Judgment; Granting Plaintiff's Request for Leave to Amend;
Order of Service; Referring Case to Pro Se Prisoner Settlement Program
G:\PRO-SE\SJ.LHK\CR.10\Sturgis680msjdeny.wpd      7

1  entitled to summary judgment, nor are they entitled to qualified immunity.[1]

2  IV.   Referral to Pro Se Prisoner Settlement Program

3          Prior to setting this matter for trial and appointing pro bono counsel to represent Plaintiff

4  for that purpose, the Court finds good cause to refer this matter to Judge Vadas pursuant to the

5  Pro Se Prisoner Settlement Program for settlement proceedings on the claim set forth above.

6  The proceedings will consist of one or more conferences as determined by Judge Vadas.  The

7  conferences shall be conducted with Defendants, or their representative, attending by

8  videoconferencing if they so choose.  If these settlement proceedings do not resolve this matter,

9  the Court will then set this matter for trial and consider a motion from Plaintiff for appointment

10  of counsel.

11                              **CONCLUSION**

12          1.      Defendants' motion for summary judgment is DENIED.

13          2.      The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

14  Service of Summons, two copies of the Waiver of Service of Summons, copies of the amended

15  complaint in this matter (docket no. 28), all attachments thereto, and copies of this Order on

16  **Deputy Shawn Welch** at the **Sheriff's Office of Contra Costa County.**  The Clerk shall also

17  serve a copy of this Order on Plaintiff and Defendants' counsel.

18          Defendant Deputy Welch is cautioned that Rule 4 of the Federal Rules of Civil Procedure

19  requires him to cooperate in saving unnecessary costs of service of the summons and complaint.

20  Pursuant to Rule 4, if Defendant Deputy Welch, after being notified of this action and asked by

21  the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, he will be

22  required to bear the cost of such service unless good cause be shown for his failure to sign and

23  return the waiver form.

24          3.      The instant case is REFERRED to Judge Vadas pursuant to the Pro Se Prisoner

25  Settlement Program for settlement proceedings on the remaining claim in this action, as

26

27          [1]  In light of the Court's denial of Defendants' motion for summary judgment, Plaintiff's
28  motion for a continuance to request discovery under former Rule 56(f) is DENIED as moot.

Order Denying Defendants' Motion for Summary Judgment; Granting Plaintiff's Request for Leave to Amend;
Order of Service; Referring Case to Pro Se Prisoner Settlement Program
G:\PRO-SE\SJ.LHK\CR.10\Sturgis680msjdeny.wpd      8

1   described above.  The proceedings shall take place within **one-hundred twenty (120) days** of

2   the filing date of this order.  Judge Vadas shall coordinate a time and date for a settlement

3   conference with all interested parties or their representatives and, within **ten (10) days** after the

4   conclusion of the settlement proceedings, file with the Court a report regarding the prisoner

5   settlement proceedings.  If these settlement proceedings to do not resolve this matter, Plaintiff

6   can file a renewed motion for appointment of counsel, and the Court will then set this matter for

7   trial.

8          4.      The Clerk of the Court shall mail a copy of the Court file, including a copy of

9   this order, to Judge Vadas in Eureka, California.

10         5.      The instant case is STAYED pending the settlement conference proceedings.

11         IT IS SO ORDERED.

12  DATED:  __1/23/12_____                    _____
                                                        LUCY H. KOH
13                                                      United States District Judge

Order Denying Defendants' Motion for Summary Judgment; Granting Plaintiff's Request for Leave to Amend;
Order of Service; Referring Case to Pro Se Prisoner Settlement Program
G:\PRO-SE\SJ.LHK\CR.10\Sturgis680msjdeny.wpd       9